IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FILED
SEP 17 2007

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:07CV155-B-A |
| v. | ) ) | |
| WOODS ELECTRIC, INC., | ) ) | **C O M P L A I N T** JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., to correct unlawful employment practices based on racial harassment and retaliation. The Commission alleges that Woods Electric, Inc.'s, owner and other workers subjected Luther Jones and Jeffrey Taylor, African American employees, to racial harassment and that the owner terminated Mr. Jones in retaliation for his complaint about the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Sections 706(f) (1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Delta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f)(1) and (3).

4. At all relevant times, Defendant Woods Electric, Inc., ("Employer" or "Defendant"), has continuously been a Mississippi corporation doing business as Woods Electric, Inc., in the State of Mississippi and the City of Olive Branch, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Luther Jones (hereinafter "Mr. Jones") filed a charge of discrimination with the Commission alleging that Defendant Employer engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately May 2004, Defendant Employer has engaged in unlawful employment practices at its Olive Branch, Mississippi facility in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and 3(a). The unlawful employment practices involved subjecting Luther Jones and Jeffrey Taylor to harassment because of their race and terminating Mr. Jones in retaliation for opposing practices made unlawful by Title VII.

2

8. Mr. Jones was hired by Defendant on or around April 2004, as a journeyman electrician in its Olive Branch, Mississippi facility.

9. For much of the time Mr. Jones worked for Defendant, he completed electrical work at various apartment complexes and performed other duties.

10. Around nine months after Mr. Jones started work, White co-workers began asking Mr. Woods if he had seen the "Nigger Family" skit, a reference to a comedy spoof shown on the Dave Chappelle show, which aired on television during that time.

11. Asking Mr. Jones whether he had seen the "Nigger Family" skit happened numerous times.

12. Whenever anyone mentioned the Dave Chappelle show, someone would refer to the "Nigger family."

13. Initially, Mr. Jones tried to ignore the comments because he had just purchased a house and he didn't want any problems at work. After it became a constant topic of discussion, Mr. Jones finally said: "If I hear one more person say something about the "Nigger family," I am going to take it personally."

14. Thereafter, Mr. Jones' co-workers continued say to him "Have you seen the Dave Chappelle show, and then laugh.

15. There were other instances when the owner and workers referred to Mr. Jones and other African Americans, including Jeffrey Taylor, as "niggers."

16. Mr. Jones claims that whenever Woods would get angry, he would refer to the African Americans as "niggers."

17. On one occasion, a White male, who was the lead man at the shop, told Mr. Jones that he grew up at a time when it was okay to call African American people "niggers" and that

Mr. Jones should not get angry if he forgot and called him a "nigger".

18. On another occasion, Mr. Jones overheard the White male lead man say to an African American male employee, "nigger, hurry up."

19. Jeffrey Taylor also claimed that he had heard the owner use the term "nigger" many times.

20. Mr. Taylor stated that when he asked the owner to refrain from using the racial slurs, the owner replied "f___ you."

21. In December 2005, the owner called Mr. Jones on the telephone. When Mr. Jones said hello, the owner said" what's up porch monkey?"

22. Because the racial harassment was severe and pervasive, it created a hostile work environment for Mr. Jones and Mr. Taylor.

23. When Mr. Jones went to the shop, that night, he complained to the owner about the comments and other instances of racial slurs being used in the workplace.

24. About a month after this last incident, on January 30, 2006, the owner called Mr. Jones into his office and told him that he was fired.

25. At the time, Mr. Jones was satisfactorily performing his job duties.

26. Defendant fired Mr. Jones in retaliation for his complaint about the harassment.

27 The unlawful employment practices complained of in paragraphs 7 through 24 were intentional.

28. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Luther Woods and Jeffrey Taylor.

### PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully prays that this Court:

4

    A.    Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment and retaliation and any other employment practice which discriminates on the basis of race, African American or retaliation.

    B.    Order Defendant Employer to provide mandatory training regarding Title VII and its prohibition against racial harassment and retaliation to all management and non-management workers at its facility.

    C.    Order Defendant Employer to institute and carry out policies, practices and programs to eradicate the effects of its past and present unlawful employment practices.

    D.    Order Defendant Employer to make whole Luther Jones by providing appropriate back pay with prejudgment interest in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    E.    Order Defendant to make whole Luther Jones by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

    F.    Order Defendant to make whole Luther Jones and Jeffrey Taylor by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish and humiliation, in amounts to be determined at trial.

    G.    Order Defendant to pay punitive damages to Luther Jones and Jeffrey Taylor for its malicious and/or reckless conduct, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper.

    I.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_____
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

_____
**TERRY BECK**
Supervisory Trial Attorney
TN Bar No. 9346

_____
**DEIDRE SMITH**
Senior Trial Attorney
TN Bar No. 018499

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
Telephone: (901) 544-0140

6